S. C. WAUGH, Adm'r,&c., v. GEORGE BLEVINS.

A paper in writing, not under seal and unregistered, which has been surrendered to the grantor by the alleged grantee, prevents any title resting in the grantee. And such paper writing, passing no title, could do no more than raise an equity which the grantee had a right to surrender, unless it was done to defraud creditors.

The act of 1846, chapter 46, section 53, gives administrators express authority to sell all the interest of a deceased debtor in land possessed by him, whether legal or equitable; and also authorizes the administrator to sell any land his intestate may have conveyed for the purpose of defrauding creditors.

CIVIL ACTION, tried before *Mitchell, J.,* at the Fall Term, Term, 1872, of ASHE Superior Court.

The plaintiff, as administrator of one David Blevins, had filed a petition in the proper Court to sell the land of his intestate to pay debts. The sale was regularly ordered, and when it took place the defendant objected to it, claiming it as his own. The land concerning which this action was brought sold for $5. The case, as made up, states that "the plaintiff then brought this action to try the issue raised."

It was in evidence on the trial that Eli Blevins, the father of the plaintiff's intestate and the defendant, owned the land and had agreed to give it to the defendant and the intestate, but before he made any deed or other writing to them, the defendant sold his part of it to David, the plaintiff's intestate, and he paid him for it, the defendant and David agreeing that their father should make the deed to the latter. The father, Eli, did execute and deliver to David, the intestate of the plaintiff, a paper writing, but it did not appear affirmatively what land it did convey; it being stated by two witnesses that they saw the paper and thought it was for another tract; that the paper had no seal, and that they, the witnesses, told David it was no account. David, the intestate as aforesaid, entered on the land and resided on it until he left the county, and then he left his wife on it, who continued to live on it until dispossessed by defendant.

This paper was left by David in the hands of one Susan Blevins, with instructions to return it to his father should he, David, never call for it. He never called and she gave it to the father, Eli, who then made a deed to the same land to defendant. Eli and David are both dead, the defendant being the administrator of the former and the plaintiff of the latter.

His Honor instructed the jury that they must find the character of the paper made by Eli to David; that unless it was a deed and under seal the plaintiff could not recover.

The plaintiff insisted, that whether it was an instrument under seal or not, yet if they believed the old man Eli knew of the arrangement between David and the defendant, and and that David had paid the defendant for the land, and he, Eli, intended to carry out the arrangement by conveying the title to David, the plaintiff would be entitled to recover. The plaintiff further insisted that if the jury found the facts as stated, the subsequent conduct of the defendant in obtaining a deed from his father would be such fraud as would entitle the plaintiff to a decree at law for a one-half of the land.

The jury returned a verdict for defendant. Judgment against the plaintiff for costs, from which judgment he appealed.

*Todd* and *Folk*, for appellant.
*Trivett* and *Furches*, contra.

BOYDEN, J. The plaintiff has failed to state in his complaint, or to prove on the trial, a case entitling him to recover the land in controversy.

Had it been established by the evidence (as it was not) that the paper writing alleged to have been given by Eli to David was a deed, yet as it was never registered David had a right to surrender up this deed to his father, Eli, and that

surrender before registration would prevent the title from
vesting in David.

It was clearly established on the trial that the paper
writing had no seal to it, and the proof left it in doubt whether
it even covered the land in dispute, but having no seal, it
could not pass the title and could do no more than raise an
equity, which David had a right to surrender, unless this was
done with a view to defraud his creditors.    The Act of 1846,
chap. 46, sec. 53, Revised Code, makes express provision for
the sale by the administrator of all the interest any deceased
may have had in land, either legal or equitable, and gives
the administrator the power to sell all such lands as the de-
ceased may have conveyed to defraud his creditors.    And it
appears in the complaint, that the plaintiff actually did sell
this very tract of land for the sum of five dollars ; and that
put an end to any interest the plaintiff or administrator
might have in this tract of land.    But there is another fatal
defect in the case of the plaintiff, to-wit : that the purchase
by David of the interest of the defendant was by parol, and
no memorandum thereof in writing is alleged to have been
signed by the defendant or by any one acting for him.    So
that, had it been clearly established that this parol contract
had been made between David and the defendant, yet still
it would have passed no title, nor could such parol contract
have been enforced by any proceeding, either at law or in
equity.

Then as to the paper alleged to have been a deed from Eli
to his son David, this question was submitted to the jury
and they found, under the charge of his Honor, to which no
objection was taken, that said paper writing was not a deed,
and there was no allegation that there was any pecuniary
or other consideration given for the same, and the complaint
states it as a gift, and this paper having been re-delivered to
Eli by the direction of David, neither David or his creditors

can have any claim to enforce a specific performance of that agreement, whatever it might have been.

There was no error.   Judgment affirmed.

This will be certified.

PER CURIAM.                    Judgment affirmed.